Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| | | |
|---|---|---|
| PEDRO JOSÉ DE PEDRO MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>JOSÉ RAÚL DE PEDRO MARTÍNEZ Y OTROS<br><br>Recurrido | KLCE202400174 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2018CV02909 (Salón 501)<br><br>Sobre: Acción de Nulidad de Contrato |

Panel especial integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Comparecen el señor Pedro De Pedro Martínez y la señora Rebecca De Pedro González (conjuntamente "peticionarios") vía *certiorari* y nos solicita revocar la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 15 de noviembre de 2023. Mediante dicho dictamen, el foro recurrido ordenó a un administrador judicial pagar los honorarios de la representación legal con el dinero de dos sucesiones distintas. Por los fundamentos que expresamos a continuación, denegamos la expedición del auto de *certiorari*.

En síntesis, el caso de epígrafe trata de una demanda de nulidad de contrato, daños y perjuicios y caducidad de albaceazgo, entre otros, instado por los peticionarios contra el señor José Raúl De Pedro Martínez (señor De Pedro Martínez o recurrido) y otros. Según el

Número Identificador

RES2024 _____

expediente, el foro primario resolvió que el albaceazgo del recurrido en dos sucesiones distintas había caducado. Posteriormente, dicho Tribunal determinó que el nuevo administrador judicial de ambas sucesiones, el señor Pedro De Pedro Martínez, debe pagar la factura pendiente de honorarios a la representación legal que defendió al recurrido por actos de administración y el proceso de transición del previo albacea al nuevo administrador. Tal decisión se hizo sin todavía haberse emitido un dictamen final sobre las varias controversias pendientes en el caso, cuales incluyen (1) la adjudicación de unas acciones corporativas al nieto de los causantes, en contravención de lo dispuesto en uno de los testamentos; (2) la falta de cumplimiento del recurrido de sus responsabilidades como albacea; y (3) si el recurrido se apropió ilegalmente de las rentas de un apartamento perteneciente a las sucesiones.

Oportunamente, los peticionarios recurrieron ante este Tribunal, para alegar que el Tribunal de Primera Instancia erró al conceder los honorarios de abogado por los servicios provistos al albacea en actos de administración, sin considerar que el albaceazgo ya había caducado y los servicios de la representación legal no fueron a favor de las sucesiones. En su oposición a la expedición del *certiorari*, el recurrido argumenta que: (1) el foro apelativo carece de jurisdicción para atender el recurso y (2) los albaceas y administradores judiciales tienen derecho a que se le reembolsen los gastos razonables en los que incurran al hacer valer la voluntad de los causantes aun en contra de los herederos.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de

Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden o resolución que denegué una moción de carácter dispositivo y si es sobre la admisibilidad de testigos o peritos, anotaciones de rebeldía, casos que revistan interés público, o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, entre otros. Reglas 52.1 de Procedimiento Civil, *supra*. Además, la Regla 52.1—en concordancia con las Reglas 56 y 57—permite la revisión de órdenes de embargo o prohibiciones de enajenar, para hacer o desistir de hacer actos específicos, o de *injunctions*, entre otros. Reglas 52.1, 56.1 y 57.1 de Procedimiento Civil, *supra*.

De acuerdo con el Tribunal Supremo, la Regla 52.1 de Procedimiento Civil tiene como propósito evitar la revisión judicial de aquellas órdenes o resoluciones que dilatarían innecesariamente el proceso y cuales pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corporation*, 202 DPR 478 (2019); *IG Builders Corp. v. Headquarters Corp.*, 185 DPR 307 (2012). Incluso, nuestro ordenamiento jurídico desfavorece que las partes recurran al foro apelativo por determinaciones interlocutorias. Véase *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723 (2017) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico, Derecho Procesal*

*Civil*, 5.ª ed., Pubs. LexisNexis de Puerto Rico, Inc., 2010, pág. 427). De denegar expedir un recurso de *certiorari*, el foro apelativo no tendrá la obligación de exponer las razones de su determinación. *IG Builders Corp. v. Headquarters Corp.*, *supra* (citando a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011)).

A esos efectos, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Regla 40 del Tribunal de Apelaciones, *supra*. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro Patología*, 193 DPR 920, 933 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Trinidad v. Chade*, 153 DPR 280, 291 (2001); *Rivera et al. v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649, 664 (2000)); *Job Connection Center, Inc. v. Supermercados Econo, Inc.*, 185 DPR 585 (2012) (citando a *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

En el presente caso, el recurso de *certiorari* presentado no cumple con los criterios de las *Reglas de Procedimiento Civil*, es decir, no consiste en revisar una resolución que esté enmarcada en lo dispuesto por la Regla 52.1, incluyendo que sea un asunto que revista de interés público o que esperar a la apelación sería un fracaso

irremediable de la justicia. De hecho, las controversias sobre la nulidad de un contrato, el incumplimiento de las labores de albaceazgo y la alegada apropiación ilegal de rentas de un apartamento perteneciente a las sucesiones no han sido resueltas por el Tribunal de Primera Instancia Asimismo, la caducidad del albaceazgo del recurrido resulta insuficiente para disponer de la controversia oportunamente, sino que es necesario conocer la adjudicación del foro recurrido en las controversias pendientes para valorar oportunamente su actuación.

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones